**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JULIE ELICE FONTAINE,

        Plaintiff,

v.                                  Case No. 3:15-cv-193-J-34PDB

JP MORGAN CHASE BANK, N.A., et al.,

        Defendants.

_____/

# **O R D E R**

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiff Julie Elice Fontaine (Plaintiff),

proceeding <u>pro</u> <u>se</u>, initiated the instant action in state court, in the Fourth Judicial Circuit in

and for Duval County, Florida.  <u>See</u> Complaint (Doc. No. 2).  On February 20, 2015,

Defendants removed the action to this Court.  <u>See</u> Notice of Removal (Doc. No. 1; Notice).

Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun

pleading."  A shotgun complaint "contains several counts, each one incorporating by

reference the allegations of its predecessors, leading to a situation where most of the counts

. . . contain irrelevant factual allegations and legal conclusions."  <u>Strategic Income Fund,</u>

<u>L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002).

Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task

of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular

cause of action asserted.  <u>See</u> <u>id.</u>  Here, Count One incorporates subsequent allegations in

Count Two, Count Two incorporates allegations from Count One, and Counts Three through Six incorporate allegations from Counts One and Two. See Complaint at 29-31.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263.  When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure (Rule(s)).  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

Further, the Court finds that the Complaint fails to comply with Rule 8.  While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th

-2-

Cir. 2007) (quoting <u>Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1]  The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2).  "'A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" <u>Evans v. McClain of Ga., Inc.</u>, 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted).  Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).  Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" <u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).  "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." <u>Holbrook v. Castle Key Ins. Co.</u>, 405 F. App'x 459, 460 (11th Cir. 2010) (quoting <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1128 (11th Cir. 2001)).  Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant;

---

[1]      All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules").  The Local Rules are available for review at <u>www.flmd.uscourts.gov</u>, and a copy may be obtained by visiting the Clerk's Office.  The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.  Additional assistance for individuals proceeding <u>pro se</u> may be found at the following website:  <u>http://www.flmd.uscourts.gov/pro_se/default.htm</u>.

generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming.  See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

Here, Plaintiff's Complaint contains roughly thirty pages of generalized allegations that do not constitute a "short and plain statement" of Plaintiff's claims.  Moreover, "[t]he nature of [Plaintiff's] legal claims against the named defendants and the factual basis for such claims [are] incomprehensible: far short of the 'short and plain' statement requirement of Rule 8."  See Holbrook, 405 F. App'x at 460; see generally Complaint.  Although Plaintiff asserts six separate claims, Plaintiff makes only generalized allegations against Defendants.  See Complaint at 29-31.  As such, as written, Plaintiff's Complaint fails to articulate her claims "with sufficient clarity to allow [Defendants] to frame a response pleading."  Lampkin-Asam v. Volusia County Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008).  Accordingly, the Court will strike the Complaint for failure to comply with Rule 8(a)(2).  In filing an amended complaint, Plaintiff should describe in sufficient detail the factual basis for each of her claims and how each Defendant is responsible.

Upon due consideration, it is hereby

**ORDERED**:

1.     The Complaint (Doc. No. 2) is **STRICKEN**.

2.      Plaintiff shall file an Amended Complaint consistent with the directives of this Order and the Federal Rules of Civil Procedure on or before **March 30, 2015**.  Failure to do so may result in a dismissal of this action.

3.      Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida on this 25th day of February, 2015.


MARCIA MORALES HOWARD
United States District Judge


lc16

Copies to:
Pro se parties
Counsel of Record