**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JULIE ELICE FONTAINE,

      Plaintiff,

v.                                               Case No. 3:15-cv-193-J-34PDB

JP MORGAN CHASE BANK, N.A.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a/k/a Fannie Mae, PHH
MORTGAGE CORPORATION, f/k/a
Cendant Mortgage Corporation, and JOHN
DOES 1-10,

      Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court sua sponte.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Plaintiff Julie Elice Fontaine (Fontaine), proceeding pro se, initiated the instant action in state court, in the Fourth Judicial Circuit in and for Duval County, Florida. See Complaint (Doc. No. 2). On February 20, 2015, Defendant PHH Mortgage Corporation f/k/a Cendant Mortgage Corporation (PHH) removed the action to this Court, with the consent of Defendants JPMorgan Chase Bank, N.A. (Chase) and Federal National Mortgage Association (Fannie Mae). See Notice of Removal (Doc. No. 1; Notice) at 1, 5. Specifically, PHH asserts that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Notice at 2-3. As to the diversity of the parties, PHH alleges that Plaintiff Julie Elice Fontaine (Fontaine) is a citizen of California, it is a citizen of New Jersey, Chase is a citizen of Ohio, and Fannie Mae is a citizen of the District of Columbia. See id. However, PHH does not address the presence of the Doe Defendants that precludes the existence of diversity jurisdiction. See McAllister v. Henderson, 698 F. Supp. 865, 868-70 (N.D. Ala. 1988); see also Howell v. Tribune Entm't Co., 106 F.3d 215, 218 (7th Cir. 1997) ("[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits.").

Nevertheless, PHH states that the Court has federal question jurisdiction because the Complaint alleges that PHH violated 15 U.S.C. § 1641(g). See Notice at 2. On February 25, 2015, the Court entered an order striking the Complaint because it constituted an impermissible shotgun pleading and failed to comply with Rule 8 of the Federal Rules of Civil Procedure (Rule(s)). See Order (Doc. No. 8). On June 12, 2015, Fontaine filed Plaintiff's Amended Complaint (Doc. No. 14; Amended Complaint), seeking, among other things, a

declaratory judgment invalidating the assignment of the mortgage on her property. See generally id. Although Fontaine does not assert a separate cause of action in the Amended Complaint alleging a violation of 15 U.S.C. § 1641(g), it appears that she continues to rely on a violation of this statute, at least in part, as the basis for the relief she seeks.[1] See Amended Complaint ¶26. Accordingly, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**DONE AND ORDERED** in Jacksonville, Florida, this 16th day of June, 2015.

MARCIA MORALES HOWARD
United States District Judge

lc16

Copies to:

Counsel of Record

---

[1] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).