United States District Court
Middle District of Florida
Jacksonville Division

JULIE ELICE FONTAINE,

     *Plaintiff,*

v.                             No. 3:15-cv-193-J-34PDB

JPMORGAN CHASE BANK, N.A., ETC.,

     *Defendants.*

---

## Order

Before the Court are the defendants' motions to dismiss the amended complaint, Docs. 17, 18, the plaintiff's motion to file a second amended complaint, Doc. 20,[1] the defendants' responses, Docs. 22, 23, the plaintiff's motion to strike the motions to dismiss, Doc. 21, the plaintiff's motion for discovery, Doc. 29, the defendants' responses, Docs. 30, 32, the plaintiff's motion for leave to file a reply to the defendants' responses, Doc. 42, and the defendants' responses, Docs. 46, 47.

### I.    Background

After unsuccessfully bringing an action in the United States District Court for the District of Columbia concerning property at 4544 Deer Valley Drive, Jacksonville, Florida, against JP Morgan Chase Bank, N.A. (Chase), Federal National Mortgage

---

[1]The plaintiff moves to file a second amended complaint exceeding 25 pages. Doc. 20. The Court construes this request as a motion for leave to file a second amended complaint.

Association (FNMA), PHH Mortgage Corporation (PHH), and John Does 1 through 10, *see Fontaine v. JPMorgan Chase Bank, N.A.,* No. 13-cv-1892 (D.D.C.), the plaintiff brought this action in state court here concerning the same property against the same defendants.[2] Doc. 2. The defendants removed the case to this Court. Doc. 1. The Court struck the complaint because it was a shotgun pleading and failed to comply with Federal Rule of Civil Procedure 8 and directed her to file an amended complaint. Doc. 8. She did, but her amended complaint is, as the court in the District of Columbia described the complaint there, "exceedingly difficult to decipher." *See Fontaine v. JPMorgan Chase Bank, N.A.,* 42 F. Supp. 3d 102, 104 (D.D.C. 2014) (quoted).

The amended complaint contains no separately identifiable causes of action. *See generally* Doc. 14. Through legal conclusions, the plaintiff asserts that Chase failed to answer a qualified written request under 12 U.S.C. § 2605(e) and validation of debt correspondence under the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692–1692p. Doc. 14 ¶¶ 8–9. She asserts that her "loan has been securitized" without notification and that she does not know who has the right to the mortgage and note. Doc. 14 ¶¶ 12–17. She asserts that the transfers of the mortgage are void because they had not been recorded or disclosed to her under 15 U.S.C. § 1641(g) of the Truth in Lending Act (TILA). Doc. 14 ¶¶ 25–28. She asserts that without knowing the owner

---

[2]The plaintiff has brought other mortgage-related actions involving other property as well. *See Fontaine v. Bank of Amer., N.A.*, No. 13-cv-1638 (D.D.C.) (dismissing for lack of subject-matter jurisdiction based on *Rooker-Feldman* doctrine); *Fontaine v. Bank of Amer., N.A.,* No. 14-cv-1944-WQH-DHB (S.D. Cal.) (dismissing based on procedural deficiencies); *Fontaine v. Citibank, N.A.,* No. 6:14-cv-536-SPS (E.D. Okl.) (allowing amendment to cure procedural deficiencies).

of the mortgage and note due to assignments, the mortgage is invalid. Doc. 14 ¶¶ 18–24, 29–34, 39. She asserts that the mortgage and note have been impermissibly separated from each other. Doc. 14 ¶¶35–38. She seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, interest, attorney's fees, and costs. Doc. 14 at 11–12.

In their motions to dismiss, the defendants assert that the amended complaint fails to comply with Rule 8, contains no specific allegations for each defendant, and states no cause of action upon which relief may be granted. Doc. 17 (PHH's motion), Doc. 18 (Chase's and FNMA's motion). PHH argues that, to the extent the plaintiff challenges the mortgage assignment because it was not recorded, she lacks standing to raise the claim and, regardless, recording does not affect enforceability. Doc. 17 at 6–10. PHH argues that, to the extent she asserts the mortgage and note are unenforceable because they were "stripped or severed," Florida law does not recognize such a claim. Doc. 17 at 11–14. PHH argues that she cannot state a claim under 15 U.S.C. § 1641(g) because the mortgage was not secured by her principal dwelling and PHH is not an assignee creditor. Doc. 17 at 14–15. PHH argues that she is not entitled to damages because she alleges no harm. Doc. 17 at 15–16. And PHH argues that she is not entitled to declaratory relief because she does not allege it is threatening to enforce the mortgage or note, and there is no actual controversy. Doc. 17 at 16–17.

Chase and FNMA argue that the statute of limitations bars any claim under 15 U.S.C. § 1641(g), the alleged violations pre-date TILA's effective date and it does not apply retroactively, and the plaintiff does not allege detrimental reliance. Doc. 18

at 7–9. They argue that the claim the assignment rendered the mortgage void is frivolous and that splitting the mortgage and note would not affect enforceability. Doc. 18 at 10–12. They argue that, to the extent she asserts a RESPA violation by alleging that they failed to respond to qualified written requests under 12 U.S.C. § 2605(e)(1)(A), the claim should be dismissed because she fails to allege she sent a qualified written request inquiring about the servicing of her loan instead of a letter relating to the origination of it and she fails to allege damages. Doc. 18 at 9–10.

In her motions for leave to file a second amended complaint, Doc. 20, and to strike the motions to dismiss, the plaintiff contends her proposed second amended complaint contains "a plethora of *prima facie* facts" establishing the defendants do not have title claims to her property. Doc. 21 at 2. She asks for leave to file a second amended complaint exceeding 25 pages. Doc. 20 at 1.[3] She attaches the proposed second amended complaint, Doc. 20-2, with exhibits of a chain-of-title analysis and mortgage-fraud investigation report, Doc. 20-3, an affidavit from a private investigator, Doc. 20-4, a payment-history chart, Doc. 20-5, and a memorandum quoting Florida law, New York law, and the Uniform Commercial Code, Doc. 20-6.

PHH observes that the proposed second amended complaint adds no cause of action, only factual allegations concerning the same claims asserted in the amended complaint. Doc. 22 at 1–2. It argues that the claims fail for the same reasons stated in its motion to dismiss because her proposed additional factual allegations do not

---

[3]The plaintiff attaches a proposed order to her motion. Doc. 20-1. The Court, as it has before, Doc. 13, advises her that it does not require or even desire proposed orders unless otherwise instructed.

cure the deficiencies. Doc. 22 at 2. It argues that she cannot assert valid claims under the facts and circumstances and further amendment would be futile. Doc. 22 at 2–3. Chase and FNMA make the same arguments, reiterate that she cannot satisfy Rule 8 with either the amended complaint or the proposed second amended complaint, and argue the proposed second amended complaint could not survive a motion to dismiss. Doc. 23.

## II.   Law & Analysis

Under Rule 8(a)(2), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), each complaint allegation "must be simple, concise, and direct." Under Rule 10(b), claims or defenses must be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Under Rule 12(f), any "redundant, immaterial, impertinent, or scandalous matter" may be stricken from a complaint. To survive dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A court must hold a pleading drafted by a pro se litigant to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But a pro se litigant is expected to follow the procedural rules; "experience teaches that strict adherence to the procedural requirements specified by

the legislature is the best guarantee of evenhanded administration of the law." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Although a court must treat a pro se pleading leniently, the court cannot rewrite a deficient pleading for a party or otherwise serve as his de facto counsel. *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

A pro se complaint fails to satisfy Rule 8 and may be dismissed where it includes general allegations not relevant to each count, unnecessary evidence, and legal arguments. *See Chevy Chase Bank, F.S.B. v. Carrington*, No. 6:09-cv-2132-Orl-31GJK, 2010 WL 745771, at *4 (M.D. Fla. Mar. 1, 2010) (unpublished) (dismissing claims "consisting of lengthy legal arguments, case citations, and quotations from treatises—material proper in a legal memoranda, but almost never proper in a complaint"); *Dismuke v. Univ. of S. Fla. Bd. of Trs.*, No. 8:05-cv-340-T-17-TBM, 2006 WL 166547, at *2 (M.D. Fla. Jan. 23, 2006) (unpublished) (finding complaint failed to comply with Rules 8 and 10 because it consisted "of unnecessary evidentiary details and unsupported conclusions of law").

Under Rule 15(a), a court should freely permit a plaintiff to amend a complaint if justice so requires. Without having provided a pro se plaintiff with at least one chance to amend, a court should not dismiss the complaint with prejudice for failure to state a claim upon which relief may be granted unless it appears beyond a doubt she cannot prove any set of facts to support her claim that would entitle her to relief. *Bank v. Pitt*, 928 F.2d 1108, 1111−12 (11th Cir. 1991), *overruled as to represented*

litigant only by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

The proposed second amended complaint appears subject to the same fate as the case the plaintiff brought in the District of Columbia (No. 13-cv-1892) but is even more difficult to decipher than the amended complaint. *Compare* Doc. 2 *with* Doc. 14. Although the Court already gave her one opportunity to amend at the outset, considering that she is proceeding without a lawyer, she now has the benefit of the defendants' arguments, and she has asked for leave to amend under Rule 15(a)'s liberal standard, the Court will give her one **final** opportunity to amend. But the proposed second amended complaint does not suffice because it does not comport with procedural rules: it falls well shy of the "short and plain" standard, it includes allegations that are the opposite of "simple, concise, and direct," it fails to limit each numbered paragraph as far as practicable to a single set of circumstances, it includes redundant matter (like the same or essentially the same allegation twice), it includes immaterial matter (like block quotes of statutes), it includes many conclusory statements, and it fails to differentiate among the defendants. As the Court has already explained,

> Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous—leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." *Holbrook v. Castle Key Ins. Co.*, 405

F. App'x 459, 460 (11th Cir. 2010) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)). Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming. See *West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citing *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007) and *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997)).

Doc. 8 at 3–4.[4]

Before filing a second amended complaint, the plaintiff must read the arguments and authority in the defendants' motions to dismiss and responses in opposition to filing the second amended complaint, Docs. 17, 18, 22, 23, as well as all of the procedural rules set forth above. While the rules do not limit the number of pages for a pleading, as stated, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." After

---

[4]Other courts have similarly explained pleading requirements to the plaintiff. One court explained:

> Plaintiff's [complaint] consists of a series of bolded headings followed by dense paragraphs of indefinite allegations. [It] fails to identify violations of law allegedly committed by Defendants, with the exception of references to violations of two federal statutes. [As to these violations, it] does not indicate the alleged wrongful acts performed by each Defendant, preventing Defendants from responding to the allegations.

*Fontaine v. Bank of America, N.A.*, No. 14-cv-1944-WQH-DHB, 2015 WL 5022429, at *4 (S.D. Cal. Aug. 21, 2015) (unpublished), *appeal docketed*, No. 15-56948 (9th Cir. Dec. 21, 2015); *see also Fontaine v. Citibank, N.A.*, No. 6:14-cv-536-SPS, Doc. 38 (E.D. Okl. Aug. 21, 2015) (explaining amended complaint must comply with Rule 8 and "must set forth the legal theories on which she is suing, the wrongdoing she claims was committed by the Defendants, the injury she suffered as a result of such misconduct, the damages she suffered as the result of such injury, and any non-monetary relief to which she may be entitled." *Id.*

setting forth general *factual* allegations—not *legal* conclusions—pertinent to all counts, she should assert each claim as a separate count (i.e., "Count One," "Count Two"), specifically identifying the defendant(s) she is asserting the claim against and what conduct of that defendant she is alleging gave rise to the claim. She must exclude legal conclusions, argument, and unnecessary evidentiary details.

In another motion, the plaintiff requests discovery and cites letters she sent to Chase in August and September 2013, well before she had filed this action. Doc. 29. Chase and FNMA assert she has not served them with any discovery request. Doc. 30. PHH asserts discovery is premature in light of the pending motions to dismiss and the posture of the case, she does not appear to be seeking discovery from PHH, and, if she is, she has not served it with any discovery request so there is nothing to compel. Doc. 32.

The plaintiff has not complied with Local Rule 3.04(a) requiring her to quote the interrogatory or request for production to which her motion is addressed, and it appears from the defendants' representations she has not yet sent them any discovery requests in this action. She must first seek discovery from the defendants before, if necessary, moving to compel under both the Federal Rules of Civil Procedure and the Local Rules. Even if she had sought discovery, it was premature because, "[u]nless otherwise ordered by the Court, a party may not seek discovery from any source before" the required case management meeting. *See* Local Rule 3.05(c)(2)(B) (quoted); *see also* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred."). She filed her motion to compel on August 26,

9

2015, Doc. 29; the case management meeting occurred on November 19, 2015, Doc. 38 at 2. The reply she seeks to file, Doc. 42, is unnecessary to a decision on the motion.

## III. Conclusion

The Court:

1.   **grants** the plaintiff's motion, Doc. 20, to the extent she seeks to file a second amended complaint and directs her to file a second amended complaint consistent with this order by **February 12, 2016**, but **denies** the motion to the extent she seeks to file the proposed second amended complaint attached to it, Doc. 20-2;

2.   **denies** the defendants' motions to dismiss as moot, Docs. 17, 18;

3.   **grants** the plaintiff's motion to strike the motions to dismiss to the extent the Court denies the motions to dismiss as moot but otherwise **denies** the motion, Doc. 21; and

4.   **denies** the plaintiff's motion to compel, Doc. 29, and her motion for leave to reply to the defendants' responses to her motion to compel, Doc. 42.

**Ordered** in Jacksonville, Florida, on January 11, 2016.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record

Julie Elice Fontaine
449 Sierra Manor Road, #19
P.O. Box 381
Mammoth Lakes, CA 93546